UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARIEL ARENCIBIA and JOSE AYALA,
on behalf of themselves and all others
similarly situated

       Plaintiffs,

v.                                           Case No: 2:15-cv-248-FtM-38CM

MORTGAGE GUARANTY INSURANCE
CORPORATION,

       Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Mortgage Guaranty Insurance Corporation's Motion for Summary Judgment (Doc. #13) filed on August 12, 2015. With leave of Court, Plaintiffs Ariel Arencibia and Jose Ayala filed a Response in Opposition to Defendant's Motion for Summary Judgment (Doc. #24) on September 18, 2015. Defendant then filed a reply (Doc. #30) on October 1, 2015, to which Plaintiffs filed a surreply (Doc. #32) on October 13, 2015. This matter is ripe for review.

## BACKGROUND

This putative class action arises under the Fair Debt Collection Practices Act ("FDCPA"). Defendant is a mortgage insurance company that issues insurance policies to compensate lenders for losses due to defaulted mortgage loans. (Doc. #13-1 at ¶ 6).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Defendant insured the mortgages on Plaintiffs' homes. When Plaintiffs defaulted, their lenders submitted claims to Defendant. (Doc. #13-1 at ¶ 6). After Defendant paid the claims, it sought deficiency judgments against Plaintiffs. (Doc. #1 at ¶¶ 15-16; Doc. #13-1 at ¶ 8).

Plaintiffs have filed this action alleging that Defendant violated the FDCPA by seeking to collect Plaintiffs' debts before notifying them that their debts had been assigned to Defendant as Florida Statute § 559.715 requires. (Doc. #1 at ¶¶ 2, 23-24, 36). Defendant answered the Complaint, (Doc. #11), but two months later filed the instant motion for summary judgment. Defendant asserts that it is not liable under the FDCPA as a matter of law because it is not a "debt collector" as the statute defines that term. (Doc. #13). Plaintiff opposes that argument.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and [she] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Similarly, an issue of fact is material if it may affect the outcome of the suit under governing law. *Id.*

The moving party bears the burden of showing the absence of any genuine issue of material fact. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In deciding whether the moving party has met this initial burden, courts must review the record and draw all reasonable inferences from the record in a light most favorable to the non-moving party. See *Whatley v. CNA Ins. Co.,* 189 F.3d 1310, 1313 (11th Cir. 1999). Once the

court determines the moving party has met this burden, the burden shifts to the non-moving party to present facts showing a genuine issue of fact exists to preclude summary judgment. See *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial. See *Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir. 1991). Failure to show sufficient evidence of any essential element is fatal to the claim and the court should grant summary judgment. See *Celotex,* 477 U.S. at 322-23. Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied. See *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1532 (11th Cir. 1992).

## DISCUSSION

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action in protecting consumers against debt collection abuses." 15 U.S.C. § 1692(e). To prevail on an FDCPA claim, a plaintiff must prove (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. See *Reese v. Ellis, Painter, Ratterre & Adams, LLC*, 678 F.3d 1211, 1216 (11th Cir. 2012). The second element is at issue here.

In accordance with its stated purpose, the FDCPA prohibits a "debt collector" from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA defines "debt collector" as

3

> [1] any person who uses any instrumentality of interstate commerce or the mails in any business the principle purposes of which is the collective of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The FDCPA excludes from this definition several categories of persons, including "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person[.]" 15 U.S.C. § 1692a(6)(F)(iii).

"Unlike debt collectors, creditors typically are not subject to the FDCPA." *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015).[2] The FDCPA defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt from another." 15 U.S.C. § 1692a(4).

The issue before the Court is whether Defendant qualifies as a "debt collector" under § 1692a(6)'s second prong.[3] Defendant argues that it is not a "debt collector" because it was collecting on debts it owned and not collecting a debt owed or due another. The Court needs look no further than the Eleventh Circuit's recent decision in *Davidson* to decide this issue.

In *Davidson*, the Eleventh Circuit addressed "whether a bank that collects or attempts to collect on a debt, which was in default at the time it was acquired by the bank,

---

[2] The Eleventh Circuit denied the plaintiff-appellant's petition(s) for rehearing. *See Davidson v. Capital One Bank (USA), N.A.*, No. 14-14200-AA, ORD-42 (11th Cir. Oct. 22, 2015).

[3] It is undisputed that Defendant is not a "debt collector" under § 1692a(6)'s first prong.

4

qualified as a 'debt collector' under the FDCPA." *Id.* at 1310. Davidson appealed the district court's dismissal of his FDCPA claim that alleged Capital One violated the act when it tried to collect on his credit card account that was in default at the time Capital One had acquired it from another bank. *Id.* at 1311-12. On appeal, Davidson argued – much like Plaintiff does here – that the line between creditors and debt collectors was drawn by the default status of the debt. *Id.* at 1314. Drawing on the exclusion at § 1692a(6)(F)(iii), Davidson argued that an entity that does not originate a debt, but acquires it from another, is deemed either a creditor or a debt collector depending on the default status of the debt at the time it was acquired. *Id.* The Eleventh Circuit rejected Davidson's argument "because § 1692a(6)(F)'s exclusions do not obviate the substantive requirements of § 1692a(6)'s definition." *Id.* It stated, in pertinent part, that:

> Section 1692a(6) clearly, plainly, and directly states that a person who is engaged in any business the principal purpose of which is debt collection or a person who regularly collects or attempts to collect debts owed or due another qualifies as a "debt collector." *See* § 1692a(6). So, if subsection (F)(iii)'s exclusion is inapplicable because, for example, the subject debt was in default at the time it was acquired or the subject person is not collecting for another, the person *may* be a debt collector, but the person is not undoubtedly a debt collector; one of two statutory standards still must be met. *See* § 1692a(6). Davidson cannot rely on § 1692a(6)(F)(iii) to bring entities that do not otherwise meet the definition of "debt collector" within the ambit of the FDCPA solely because the debt on which they seek to collect was in default at the time they acquired it. Section 1692a(6)(F)(iii) is an exclusion; it is not a trap door.
>
> Davidson's misunderstanding of the effect of § 1692a(6)(F)(iii) also results in a strained construction of § 1692a(6)'s second definition of "debt collector." Drawing on subsection (F)(iii), Davidson contends that an entity that regularly collects debts originally owed to another, which debts were in default at the time they were acquired, qualifies as "debt collector" under the FDCPA. Put another way, Davidson reads the definition of "debt collector" to encompass any regular purchaser of a debt in default even if the purchaser owns the debt and is collecting for himself. As noted above, the term "debt collector" includes any person who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to

be owed or due another." § 1692a(6). Davidson's interpretation succeeds only if we rewrite the statutory text to read "regularly collects or attempts to collect, directly or indirectly, debts *originally* owed or due or asserted to be originally owed or due another." But we are not in the business of rewriting statutes.

The statutory text is entirely transparent. A "debt collector" includes any person who regularly collects or attempts to collect debts owed or due another. *See* § 1692a(6). The statute does not define "another," so we will look to the common usage of the word for its meaning. *See, e.g., Consol. Bank, N.A. v. United States Dep't of Treasury*, 118 F.3d 1461, 1464 (11th Cir. 1997). The term "another" most naturally connotes "one that is different from the first or present one." Merriam–Webster's Collegiate Dictionary 48 (10th ed. 1996). Applying this definition to the statutory language, this means that a person must regularly collect or attempt to collect debts *for others* in order to qualify as a "debt collector" under the second definition of the term. The word "another" is not modified or otherwise limited, and Davidson has pointed us to nothing that would indicate that Congress had any intention to limit the term. *See CBS Inc.*, 245 F.3d at 1224-26.

In construing a statutory provision, "[w]e do not start from the premise that [the statutory] language is imprecise." *United States v. LaBonte*, 520 U.S. 751, 757 (1997). Congress limited the second definition of "debt collector" to those persons who regularly collect or attempt to collect debts owed or due or asserted to be owed or due *another,* and there is no ambiguity in the words that Congress chose to employ. . . . Because we are not permitted to "do to the statutory language what Congress did not do with it," . . ., we will not write into the phrase "owed or due another" the limiting adverb "originally" in order to express what Davidson thinks Congress intended[.]

*Davidson*, 797 F.3d at 1315-16 (internal citations and footnotes omitted). Based on the foregoing, the Eleventh Circuit rejected Davidson's argument that a non-originating debt holder is a "debt collector" for purposes of the FDCPA solely because the debt was in default at the time it was acquired. *Id.* at 1316. The Eleventh Circuit ultimately found that Capital One fell within neither prong of "debt collector."

The Court turns now to Defendant's motion for summary judgment. As to the second definition of "debt collector," Plaintiff does not dispute that Defendant owns and sought to collect on deficiencies for itself. Instead, Plaintiff contends that Defendant still

6

fits that definition of "debt collector" because it received the right to file the deficiency judgments from another, i.e., the lenders of Plaintiffs' residence. (Doc. #24 at 4-5). From there, Plaintiff argues – much like the plaintiff in *Davidson* – that Defendant does not satisfy § 1692a(6)(F)(iii)'s exception to "debt collector" because their debts were in default at the time Defendant acquired the right to collect on them. (Doc. #24 at 5). Consequently, Plaintiff concludes that Defendant is a "debt collector" under the FDCPA.

Plaintiff's assertions are a nonstarter in light of *Davidson*. The Eleventh Circuit made clear in *Davidson* that a person who falls under either of the two definitions in § 1692a(6) is a "debt collector," but a person who falls under neither is not. It further clarifies that § 1692a(6)'s second definition is limited to entities attempting to collecting debts "owed or due another." As discussed above, the question under § 1692a(6) is not whether Defendant regularly collects on debts *originally* owed or due another and now owed to Defendant. Rather, the question is whether Defendant regularly collects on debts owed or due another at the time of collection. The undisputed facts show that Defendant does not regularly collect or attempt to collect debts owed or due someone other than Defendant.

At no time did Defendant seek to recover money owed to the lenders that owned the defaulted mortgages in this case. Rather, Defendant sought to recoup money owed to it pursuant to subrogation law. (Doc. #13-1 at ¶¶ 8-9). Because Defendant stepped into the shoes of the lenders under subrogation law, Defendant's collection efforts in this case relate only to debts owed to it – and not "to another." That Plaintiffs had defaulted on their mortgages before Defendant started its collection actions does not bear on the Court's determination here. As such, the Court finds that Defendant is not a "debt

7

collector" and is not subject to liability under the FDCPA. *See generally Albert v. Ill. Farmers Ins. Co.*, No. 06-1250 (JNE/JJG), 2007 WL 2122145, at *1 (D. Minn. July 19, 2007) (dismissing plaintiff's FDCPA claim against the insurer and insurance agent because they were in the insurance business, their principal business is not the collection of debts, and they did not regularly collect or attempt to collect debts owed to others).

To avoid the inescapable conclusion that it is not a "debt collector" after *Davidson*, Plaintiffs advocate that the *Davidson* holding is mistaken and "runs afoul to the majority of case law on the issue including other circuits court of appeals, the federal trade commissioner's interpretation, and Congressional intent."[4] (Doc. #32 at 2; Doc. #24 at 7-11). Given the Eleventh Circuit's strong and unequivocal language on an issue analogous to the one presented in this case, the Court declines Plaintiff's invitation to depart from the binding precedent.

As it is undisputed that Defendant does not regularly collect debts "due another," it does not qualify as a "debt collector" under the FDCPA. Consequently, the Court dismisses the Complaint (Doc. #1) as a matter of law.

Accordingly, it is now

**ORDERED:**

(1) Defendant Mortgage Guaranty Insurance Corporation's Motion for Summary Judgment (Doc. #13) is **GRANTED**.

---

[4] Plaintiff relies heavily on the Federal Trade Commission's ("FTC") interpretation of the FDCPA in arguing that the Eleventh Circuit's decision in *Davidson* is incorrect. (Doc. #24; Doc. #32) Plaintiff attached the FTC's amicus brief that it submitted to the Eleventh Circuit when the court was deciding – and ultimately denied – Davidson's *en banc* petition. (Doc. #32-1). The Eleventh Circuit did not find the FTC's amicus brief to sway its decision, and this Court follows suit.

(2) The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate all pending deadlines and motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of November, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record