UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARIEL ARENCIBIA and JOSE AYALA,
on behalf of themselves and all others
similarly situated

        Plaintiffs,

v.                                    Case No:  2:15-cv-248-FtM-38CM

MORTGAGE GUARANTY
INSURANCE CORPORATION,

        Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiffs Ariel Arencibia and Jose Ayala's Amended Motion to Strike Paragraphs in Declarations (Doc. #33) filed October 16, 2015. Defendant Mortgage Guaranty Insurance Company ("MGIC") filed a Response in Opposition to Plaintiffs' Amended Motion (Doc. #34) on October 30, 2015.  Thus, this matter is ripe for review.

Plaintiffs commenced this putative class action against MGIC for alleged violations of the Fair Credit Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (Doc. #1).  In response, MGIC filed a Motion for Summary Judgment (Doc. #13) and attached thereto the Declaration of Brian Remington (Doc. #13-1).  In paragraph 12 of the declaration, Remington states, "MGIC does not collect debts owed or due or asserted to be owed or

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

due another, i.e, MGIC does not undertake third-party debt collection for creditors." (Doc. #13-1 at ¶ 12).

Plaintiffs take issue with Remington's statement because "[t]he phrasing used is part of the phrasing of the definition of a 'debt collector' under the FDCPA, 15 U.S.C. § 1692a(6), and the precise phrasing for this Court to interpret the meaning of on summary judgment." (Doc. #33 at 1). Plaintiff thus moves to strike that paragraph as an improper legal conclusion that would not be admissible in evidence. (Doc. #33 at 1-2). Plaintiff brings its motion under Rule 56(c)(4) of the Federal Rules of Civil Procedure, which provides a "declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Although paragraph 12 can be construed as making a legal conclusion, it is based on Remington's personal knowledge as MGIC's Vice President – Loss Mitigation Counsel & Assistant Secretary and is otherwise sufficient to survive the instant motion to strike. "This Court is fully cable of separating the wheat from the chaff in documents submitted into evidence. In ruling on pending motions for summary judgment, this Court will not substitute the legal conclusions drawn by [Remington], or any affiant for that matter, for its own judicial analysis." *Stalley v. ADS Alliance Data Sys., Inc.*, No. 8:11-cv-1652, 2014 WL 129069, at *3 (M.D. Fla. Jan. 14, 2014). The Court, therefore, denies Plaintiff's motion.

Accordingly, it is now

**ORDERED:**

(1) Plaintiffs Ariel Arencibia and Jose Ayala's Amended Motion to Strike Paragraphs in Declarations (Doc. #33) is **DENIED**.

(2) Plaintiffs Ariel Arencibia and Jose Ayala's Motion to Strike Paragraph in Declaration (Doc. #27) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of November, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record